UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPHINE BOWIE,

        Plaintiff,

                                    Case Number 06-14448-BC
v.                                       Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING COMMISSIONER'S FINDINGS

The plaintiff commenced this action on October 11, 2006 challenging the decision of the Commissioner denying her claim for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act. The case was referred to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3). On February 16, 2007, the plaintiff filed a motion for summary judgment to reverse the Commissioner's determination and award her benefits. On March 26, 2007, the Commissioner filed its motion for summary judgement asking that the Commissioner's decision be affirmed. The magistrate judge issued a report on April 23, 2007 recommending the defendant's motion for summary judgment be granted, the plaintiff's motion be denied, and the findings of the Commission be affirmed. The plaintiff filed timely objections, to which the defendant has responded, and the matter is before the Court for a *de novo* review of the administrative record in light of the parties' submissions.

The Court concludes that substantial evidence supported the Commissioner's determination that the plaintiff was not disabled and the magistrate judge's recommendation reaching that result was proper. Therefore, the report and recommendation will be adopted, the defendant's motion will be granted, the plaintiff's motion will be denied, her objections will be overruled, and the findings of the Commissioner will be affirmed.

I.

The plaintiff, presently fifty-five years old, applied for a period of disability and disability insurance benefits on March 29, 2000 when she was forty-eight years old. She has a high school education and has completed two years of college. She had worked primarily as an automobile assembler. The plaintiff alleges that she became disabled on August 20, 1999 as a result of hypertension and aortic stenosis. She also has been diagnosed with major recurrent depression.

The plaintiff's application for a period of disability and disability insurance benefits was denied, after which she made a timely application for an administrative hearing. On April 25, 2001, she appeared before Administrative Law Judge (ALJ) Anthony B. Roshak for a hearing when she was forty-nine years old. The ALJ filed a decision on July 13, 2005 in which he found that the plaintiff was not disabled. The ALJ reached his decision by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since August 20, 1999, the alleged disability onset date (step one); she suffers from hypertension, aortic stenosis, and major recurrent depression, impairments which are "severe" as contemplated by the Social Security Act (step two); these impairments do not meet or equal a listing in the regulations (step three); the plaintiff is unable to perform her former job as an automobile assembler, which was described as involving light

exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a full range of sedentary, unskilled work with certain limitations: no lifting of over ten pounds; no engaging in prolonged standing or walking; no performing of work other than unskilled tasks. A vocational expert testified that several jobs fit within these limitations such as sorter, packer, visual inspector, information clerk, cashier, and security monitor, and the ALJ found that those jobs existed in significant numbers in the national economy. Based on that finding and using the Medical Vocational Rule 201.18, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act.

Following the ALJ's decision, the plaintiff filed an appeal with the Appeals Council. The Appeals Council initially granted her request for review and remanded the case to the ALJ because it could not locate the administrative record and therefore could not determine whether substantial evidence supported the ALJ's decision. The record subsequently was located and the order of remand vacated. The request for review ultimately was denied on August 7, 2006.

## II.

The standard for judicial review of a disability determination under the Social Security Act is narrow. The findings of the ALJ are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405(g). Indeed, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). The Sixth Circuit has defined "substantial evidence" as "more than a scintilla of evidence." *Kirk v. Sec. of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981) (internal quotation and citation omitted). Instead,

substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibid.* The Court is to consider all the pertinent record evidence and may not rely on a single piece of evidence when reviewing the ALJ's findings. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Consequently, where substantial evidence supports the decision, it must be upheld even if the record might support a different conclusion. *Smith v. Sec. of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Moreover, the Court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. It therefore is impermissible for the Court to "try the case de novo, . . .resolve conflicts in evidence, [or] decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

The plaintiff's objections are best left in her able counsel's words. She complains:

The ALJ was required to evaluate this claim pursuant to 20 CFR 404.1563(b) because Plaintiff was less than two months from her 50 birthday and, based on residual functional capacity, would have been found disabled by using the older age category. The ALJ never addressed this Regulation in his decision.

On page 10 of his Report and Recommendation the Magistrate correctly quoted 1563(b), and Plaintiff will not repeat same here. However, Defendant Counsel and now the Magistrate are attempting to step into the shoes of the ALJ and argue Post Hoc that despite the ALJ's failure to address this Regulation Plaintiff is still going to lose because of the HALLEX. In *Wilson v. Commissioner 378 F.3d 541*(6th Cir. 2004), the 6th Circuit specifically referred to this situation stating, in part, that the Commissioner should not have the "ability to violate regulations with impunity and render the protections promised therein illusory." The Court further found that the Regulations are a substantial right bestowed upon Claimants rather than an Agency Rule that gives the adjudicator discretion in following that rule. In other words, it is the ALJ who is required to evaluate Plaintiff's claim pursuant to this Regulation, not Defendant Counsel, the Magistrate, or this Court.

Pl's Objs at 1-2.

Thus, the plaintiff agrees with findings of the ALJ, but insists that the application of the older

age category was both mandatory and would result in a finding of disability. The plaintiff misinterprets the law. The ALJ simply has discretion to apply the older age category if he believes it is warranted. The regulations implementing the Social Security Act read, in pertinent part:

> (b) How we apply the age categories. When we make a finding about your ability to do other work under §404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section. We will use each of the age categories that applies to you during the period for which we must determine if you are disabled. We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 1563(b).

The plaintiff argues that the ALJ did not apply the regulations. In the Court's judgment, her contention is ill-informed. The ALJ made a specific finding under section 1563 that the plaintiff was a "younger individual." Tr. at 35. Further, the ALJ listed both the plaintiff's age and birth date. Plainly, he was informed that she was approaching fifty years of age. The proposition that the magistrate judge stepped in to the role of the ALJ similarly is unfounded. In fact, the opposite rings true: in order to reach the conclusion the plaintiff seeks to draw would have required the magistrate judge to overturn the ALJ's specific finding that she was a "younger individual" and exercise the discretion accorded solely to the ALJ. Such a result certainly is not compelled by the regulations.

The plaintiff's reliance on *Wilson v. Soc. Sec. Comm'r*, 378 F.3d 541 (6th Cir. 2004) is not helpful. In that case, the ALJ failed to articulate reasons for rejecting the opinion of the plaintiff's treating physician. The present case is inapposite. At issue here is the discretionary application of certain rules governing vocational factors, not the articulation of a reason to depart from a well-established rule for crediting medical evidence. In fact, the so-called treating physician rule applies

in a social security case unless certain circumstances are present. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n. 7 (6th Cir. 1991) (noting that "[a] treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once"); 20 C.F.R. § 404.1527(d)(2) (providing that "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2)). *Wilson* simply finds no application in this case.

Ultimately, the plaintiff cannot demonstrate that the ALJ disregarded the applicable regulation. At best, she has voiced her dissatisfaction with the effect of that application. The Sixth Circuit has explained that there is no entitlement to be considered in a certain age category when the case is borderline, as here. In *Crady v. Secretary of Health and Human Servs.*, 835 F.2d 617 (6th Cir. 1987), a claimant who was only one month shy of his fifty-fifth birthday raised the same argument. The Sixth Circuit noted that the Agency's regulations clearly state that an ALJ "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 1563(b)." *Id.* at 622. The court of appeals further noted that:

> The ALJ could have proceeded as if [the claimant] had already reached age 55, to be sure, because the grid's age categories are not to be treated "mechanically" – and if the ALJ had thought it appropriate to treat [the claimant] as if he had already reached "advanced age" by the time of that decision, a finding of disability could have been made. . . . The fact that age categories are not to be applied mechanically, however, does not mean that a claimant must be moved mechanically to the next age category whenever his age is close to that category.

*Ibid.* The Court therefore concludes that the plaintiff's objections lack merit.

III.

After a *de novo* review of the entire record in light of the submissions of the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The plaintiff's objections, therefore, lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 14] is **ADOPTED**, the plaintiff's objections thereto [dkt # 15] are **OVERRULED**, the plaintiff's motion for summary judgment [dkt # 10] is **DENIED,** and the defendant's motion for summary judgment [dkt # 11] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 17, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---